# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-0736V
(Not to be published)

```
* * * * * * * * * * * * * * * * * * * * *
ROBERTA PEK,                              *
                                          *
              Petitioner,                 *        Filed: September 16, 2020
                                          *
       v.                                 *        Attorney's Fees and Costs;
                                          *        Final Award
SECRETARY OF HEALTH                       *
AND HUMAN SERVICES,                       *
                                          *
              Respondent.                 *
                                          *
* * * * * * * * * * * * * * * * * * * * *
```

*Amy Senerth,* Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Jennifer Reynaud*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On June 22, 2016, Roberta Pek filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program"),[2] alleging that she developed multiple sclerosis ("MS") from the receipt of the influenza ("flu") vaccine she received October 10, 2014, and the Tetanus, Diphtheria-acellular-pertussis ("Tdap") vaccine she received on November 14, 2014. Petition (ECF No. 1) at 1; Response to Motion to Dismiss (ECF No. 45) at 1. Following the filing of Petitioner's medical records and expert records, I invited Respondent to

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). This means that the Decision will be available to anyone with access to the internet. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

move for a ruling on the record seeking dismissal of the claim (*see* Scheduling Order, dated Oct. 29, 2018), and he did so. Motion to Dismiss, filed April 1, 2019 (ECF No. 42). After a thorough review of the record, I denied Petitioner's request for compensation, finding that Petitioner did not establish that either the flu or Tdap vaccines could jointly cause MS in the manner alleged, nor did she preponderantly prove that the vaccines could do so under the relative timeframe in which her MS first manifested. *See* Public Decision (ECF No. 48) at 2. Petitioner did not appeal this determination.

Petitioner has now filed a motion for a final award of attorney's fees and costs for all work performed on the matter since its inception. Motion, filed July 24, 2020 (ECF No. 52) ("Fees App."). Petitioner requests a final award of $102,960.82—$32,197.20 in attorney's fees, plus $70,763.62 in costs—for the work of two attorneys (Ms. Amy A. Senerth and Mr. Max Muller) as well as the supportive work of seven paralegals. Fees App. at 2. The costs requested include costs for medical record retrieval, experts, and court filings. *Id.*

Respondent reacted to the fees request on September 10, 2020. *See* Response, dated September 10, 2020 (ECF No. 53). Respondent is satisfied that the statutory requirements for an attorney's fees and costs award are met in this case, and otherwise defers to my discretion in calculating the amount to be awarded. *Id.* at 2, 3.

## ANALYSIS

### I. Petitioner's Claim had Reasonable Basis

Under the Vaccine Act, a special master may award fees and costs to an unsuccessful petitioner if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, slip op. at 5 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). In short, the claim's reasonable basis must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, No. 19-1596, slip. op. at 9–10 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*— counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. Reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

The standard for reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (Fed. Cl. 2019). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[3] The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017).

Although it did not ultimately succeed, Petitioner's claim had sufficient objective basis to entitle her to a fees and costs award. *See, e.g.*, *P.M. v. Sec'y of Health & Hum. Servs.*, No. 16-949V, 2020 WL 1130353, at *1 (Fed. Cl. Spec. Mstr. Feb. 5, 2020). Claims that vaccines can aggravate or cause MS are common enough in the Program to have facial credibility, and many have succeeded. *See Quackenbush-Baker v. Sec'y of Health & Human Servs.*, No. 14-1000V, 2018 WL 1704523 (Fed. Cl. Spec. Mstr. Mar. 14, 2018) (finding flu vaccine significantly aggravated the petitioner's preexisting MS); *W.C. v. Sec'y of Health & Human Servs.*, 100 Fed. Cl. 440 (2011) (upholding a special master's determination that flu vaccine did not significantly aggravate preexisting MS); *Hitt v. Sec'y of Health & Human Servs.*, No. 15-1283V, 2020 WL 831822, at *9–10 (Fed. Cl. Spec. Mstr. Jan. 24, 2020) (finding that flu vaccine caused petitioner to develop transverse myelitis and, ultimately, multiple sclerosis). Even though this claim was unsuccessful (due primarily to Petitioner's failure to establish that either the flu or Tdap vaccines could jointly cause MS in the manner or timeframe alleged), it was based on a scientific theory that had reliable scientific/medical elements. There was also enough evidence in the record to support bringing the claim, and Respondent for his part does not otherwise contest reasonable basis. Accordingly, a final award of fees and costs in this matter is appropriate.

## II. Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into

---

[3] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the *Davis* exception). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorneys and support staff, based on the years work was performed:

|  | 2016 | 2017 | 2018 | 2019 | 2020 |
|---|---|---|---|---|---|
| Amy A. Senerth, Esq. | - | $225.00 | $233.00 | $250.00 | $275.00 |
| Maximillian J. Muller, Esq. | $275.00 | $300.00 | $317.00 | - | $350.00 |
| Paralegals Tereza Pavlacsek and Maria Loecker | $140.00 | $140.00 | $140.00 | - | $140.00 |
| Other Paralegals | $125.00 | $125.00 | $125.00 | - | - |

ECF No. 52, at 1.

I have previously considered the rates of the same attorneys and legal professionals representing Petitioner in this case, and found them mostly reasonable. *See Hardy v. Sec'y of Health & Human Servs.*, No. 17-232V, 2018 WL 6822356, at *2 (Fed. Cl. Spec. Mstr. Nov. 26, 2018) (finding $225.00 per hour for work performed in 2017, and $233.00 per hour for work performed in 2018 for Ms. Senerth reasonable, and $270.00 per hour for work performed in 2016,

4

$300.00 per hour for work performed in 2017, and $317.00 per hour for work performed in 2018 for Mr. Muller reasonable). Moreover, the requested rates are consistent with what other special masters have recently awarded. *See, e.g.*, *Kodimer v. Sec'y of Health & Human Servs.*, No. 17-140V, WL 3074015, at 2 (Fed. Cl. Spec. Mstr. June 17, 2019) (finding hourly rates for Ms. Senerth at $225.00 an hour in 2017, $233.00 an hour in 2018, and $250.00 an hour in 2019 reasonable); *Curry v. Sec'y of Health & Human Servs.*, No. 16-68V, 2018 WL 3991228, at *1 (Fed. Cl. Spec. Mstr. Jul. 10, 2018)*; Lee v. Sec'y of Health & Human Servs.*, No. 15-823V, 2018 WL 4403970, at *1 (Fed. Cl. Spec. Mstr. Aug. 22, 2018).[4] The rates requested herein for Ms. Senerth, Mr. Muller, and for the paralegal work are consistent with what they have previously been awarded, and I find no cause to reduce them in this instance.

### III. Calculation of Attorney Costs

Petitioner also requests an award of $70,763.62 for costs incurred since the claim's filing, including medical records, court filings, and expert work performed by Dr. Omid Akbari and Dr. Lawrence Steinman. Fees App., at 2. I have reviewed the requested costs and finds the amounts requested for medical records, court filings, and the work of Dr. Steinman to be reasonable, including the hourly rate requested for his time. The work of Dr. Akbari, however, requires further discussion.

The billing records indicate that Dr. Akbari billed 86.2 hours at a rate of $550.00 per hour, for a total of $47,410.00. Thus, the total sum to be putatively paid for his work exceeds *all* lawyer time dedicated to the matter over its nearly four-year existence. In addition, Dr. Akbari billed five hours at an even higher rate ($750 per hour) for a total of $3,750.00.[5] All of these amounts were

---

[4] Furthermore, the hourly rates requested are also consistent with the Office of Special Masters' fee schedule.

The 2015–2016 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.

The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.

The 2018 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.

The 2019 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf.

The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[5] Petitioner has also requested reimbursement of the $5,000.00 retainer paid to Dr. Akbari, in addition to the sum sought in his invoices (which appear to bill time already paid him by this sum), but without reconciling the two. As a

billed by an expert whose input was of limited assistance, if any, in the resolution of this matter, and whose diagnosis was also ultimately incorrect.

Dr. Akbari's requested rate alone is excessive. In prior Program cases, Dr. Akbari's rate has been reduced to $500.00 per hour. *See,* e.g., *Sheppard v. Sec'y of Health & Human Servs.*, No. 17-819V, 2020 WL 1027958, at *3 (Fed. Cl. Spec. Mstr. February 20, 2020); *Hernandez v. Sec'y of Health & Human Servs.*, No. 2018 WL 4391060, at *2 (Fed. Cl. Spec. Mstr. May 9, 2019); *Shinksy v. Sec'y of Health & Human Servs.*, No. 15-713V, 2019 WL 2064558, at *5 (Fed. Cl. Spec. Mstr. May 9, 2019). It is not practice in the Vaccine Program to retroactively increase rates previously awarded in the Program, or to deviate from prior awards simply because a petitioner asks for a higher rate in a subsequent case. I otherwise do not find that the higher rate sought for Dr. Akbari was appropriate, given the limited utility of the report he filed. I therefore reduce Dr. Akbari's hourly rate to $500.00 per hour.

I also find it appropriate in this case to reduce the total value of costs to be awarded for time spent on this matter by Dr. Akbari. Petitioner did not rely principally on his expertise; while his input may have played some role in helping Petitioner's analysis, Petitioner ultimately relied on Dr. Steinman's analysis, who spent less than a third of the total amount spent by Dr. Akbari. And my own decision devoted merely half a page to the opinion he presented. *Pek v. Sec'y of Health & Human Servs.*, No. 16-0736V, 2020 WL 1062959, at *8 (Fed. Cl. Spec. Mstr. January 31, 2020). More than $40,000.00 should not be paid for such an expert report. I thus find the amount of time billed by Dr. Akbari excessive, and (consistent with my authority and discretion to make across-the-board reductions where appropriate), I cut the amount billed by him for this case by fifty percent. This (plus the aforementioned rate reductions) results in a costs reduction of $33,360.00.[6]

## CONCLUSION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of a final fees award, and based on the foregoing, I **GRANT IN PART** Petitioner's Motion for Attorney's Fees and Costs, awarding the following amounts:

---

result, this $5,000 cost has not been added into the award, and I instead reimburse Dr. Akbari's time based solely on his submitted invoice (from which counsel should derive the retainer). *See* Fees App., at 17, 20-22, 31.

[6] Total costs requested for Dr. Akbari: $47,410.00 + $5,000 + $3,750 = $56,160.00. Total costs awarded: (91.2 hours x 50%) x $500/hr = $22,800.00. Total reduction: $56,160.00 - $22,800 = $33,360.00.

| Attorney's Fees and Costs | | | |
|---|---|---|---|
|  | **Requested** | **Awarded** | **Difference** |
| Attorney's and Paralegal Fees | $32,197.20 | $32,197.20 | $0.00 |
| Attorney Costs | $70,763.62 | $42,603.62 | $33,360 |
| Total | **$102,960.82** | **$74,800.82** | **$33,360.00** |

I therefore award a total of **$74,800.82,** representing $32,197.20 in attorney's and paralegal fees and $42,603.62 in costs—in the form of a check payable to Petitioner and Petitioner's counsel, Ms. Amy Senerth of Muller Brazil, LLP, for attorneys' fees and costs.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[7]

       **IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.